THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00047-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHAZ ANTWOINE MOTLEY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 31].

## I. BACKGROUND

In August 2019, the Defendant Chaz Antwoine Motley pled guilty to one count of possession with intent to distribute cocaine. [Doc. 16]. On December 19, 2019, the Court imposed a sentence of 52 months' imprisonment. [Doc. 29: Judgment]. The Defendant is currently incarcerated at USP Yazoo City, and his projected release date is March 18, 2025.[1]

On January 29, 2021, the Court received a letter from the Defendant in which he requests a compassionate release pursuant to 18 U.S.C. §

---

[1] See https://www.bop.gov/inmateloc/ (last visited Feb. 8, 2021).

3582(c)(1)(A)(i), in light of the ongoing COVID-19 pandemic and his increased susceptibility to the virus in light of various health conditions. [Doc. 31]. The Defendant also cites his mother's health, the "cruel and unusual" nature of his incarceration, and his inability to access educational programs as grounds for granting a compassionate release. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2] The Defendant has the burden

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the

of demonstrating that he has complied with the requirements of § 3582 or that exhaustion of such remedies would be futile. See United States v. Freshour, No. 5:06-cr-00013-KDB-DCK, No. 2020 WL 3578315, at *1 (W.D.N.C. July 1, 2020) (Bell, J.).

Here, the Defendant does not make any showing that he has submitted a compassionate release request to the warden of his facility prior to filing his request with the Court. The language of Section 3582(c)(1)(A) is clear: Before a defendant may seek a modification of his sentence in the courts, the defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. Thus, the Defendant has not complied with the requirements of the statute, and the Court cannot grant the requested relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

---

Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

3

Case 1:19-cr-00047-MR-WCM   Document 32   Filed 02/10/21   Page 3 of 4

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 31], is **DENIED**. The denial of the Defendant's request for compassionate release is **WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.** Signed: February 9, 2021

Martin Reidinger
Chief United States District Judge